**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 10-1471

FRANCISCO TZUNUX,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE

BOARD OF IMMIGRATION APPEALS

Before

Lipez, Selya and Howard,
Circuit Judges.

Randy Olen on brief for petitioner.
Tony West, Assistant Attorney General, Civil Division, Blair
T. O'Connor, Assistant Director, Civil Division, and Briena L.
Strippoli, Trial Attorney, Office of Immigration Litigation, on
brief for respondent.

November 10, 2011

**Per Curiam**.  This is a petition for judicial review in which the petitioner, a Guatemalan national, challenges a final order of the Board of Immigration Appeals (the Board) denying his application for withholding of removal and mandating his removal to his homeland.  The Board's underlying decision is fact-based, and we review it under the familiar "substantial evidence" standard. Mariko v. Holder, 632 F.3d 1, 5 (1st Cir. 2011).  This standard is "highly deferential," and we "must uphold the [Board's] determination as long as that determination is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Lopez de Hincapie v. Gonzales, 494 F.3d 213, 218 (1st Cir. 2007) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).  To allow us to set aside the Board's decision, "the record must compel the contrary conclusion." Id. (emphasis in original); accord Elias-Zacarias, 502 U.S. at 481 n.1.

The record in this case does not compel a conclusion opposite to that reached by the Board but, rather, fully supports a finding that the petitioner failed to carry his burden of proving that, more likely than not, he would if repatriated be persecuted by gangs on account of his status as an indigenous Quiche Indian. Among other things, the petitioner was not harmed by the gangs at any time before he left Guatemala; none of the documentary evidence in the record mentions, much less shows, that Quiche Indians in Guatemala are targeted by gangs; the petitioner's family members

-2-

continue to live peacefully in Guatemala; and the gangs themselves recruit and include Quiche Indians as members.  These facts, singly and in the ensemble, support the Board's decision.

The petitioner's brief does not directly address this formidable obstacle.  Instead, it raises new arguments not fairly raised by the record and, in any event, not raised before the Board.  These arguments are unexhausted and, therefore, this court lacks jurisdiction to consider them.  <u>See</u> 8 U.S.C. § 1252(d)(1); <u>Ahmed</u> v. <u>Holder</u>, 611 F.3d 90, 97 (1st Cir. 2010).

We need go no further.  For the reasons elucidated above, the petition for judicial review must be denied.

**<u>So Ordered</u>**.